**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAY 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



TERESA MARTINEZ TORRES, AKA
Teresa Isolina Martinez Chavarria, AKA
Teresa Isolina Martinez Torres,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-71175

Agency No. A206-846-134

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 4, 2021[**]
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and FRIEDMAN,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

Petitioner Teresa Martinez Torres, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal from an Immigration Judge's (IJ) order denying her applications for asylum, withholding of removal, and protection pursuant to the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a) and we deny the petition.

We review the agency's legal determinations de novo and factual findings for substantial evidence. *Singh v. Holder*, 656 F.3d 1047, 1051 (9th Cir. 2011). An IJ's credibility determinations are entitled to "substantial deference" because "IJs 'are in the best position to assess demeanor and other credibility cues that we cannot readily access on review.'" *Oshodi v. Holder*, 729 F.3d 883, 892 (9th Cir. 2013) (en banc) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)). We uphold the agency's decision "if the decision is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Tampubolon v. Holder*, 610 F.3d 1056, 1059 (9th Cir. 2010) (internal quotation marks and citation omitted). We reverse only if "the evidence in the record compels a reasonable factfinder to conclude that the BIA's decision is incorrect." *Id.* (alteration and citation omitted)

1. The IJ must provide "specific and cogent reasons supporting an adverse credibility determination," and those reasons "must . . . take into account the totality of the circumstances, and should recognize that the normal limits of human understanding and memory may make some inconsistencies or lack of recall present in any witness's case." *Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011) (quoting *Shrestha*, 590 F.3d at 1042, 1044–45) (alterations in original). "[T]o support an adverse credibility determination, an inconsistency must not be trivial and must have some bearing on the petitioner's veracity." *Id.*

Here, the IJ identified four specific and cogent reasons to support the adverse credibility determination, with which the BIA agreed: (1) petitioner inconsistently recounted the number of incidents of physical harm; (2) petitioner provided inconsistent information regarding the dates she was harmed; (3) petitioner inconsistently testified about the number of times she reported gang threats or violence to the police; (4) petitioner testified inconsistently concerning the existence and location of corroborating medical evidence. These inconsistencies are not trivial, and we conclude the agency's adverse credibility determination was supported by substantial evidence.

2. Petitioner argues the agency erred by denying her applications for asylum and withholding. The BIA ruled that "[b]ecause [petitioner's] account was

3

not credible, [she] did not meet her burden of proof to establish asylum eligibility," and it "necessarily follow[ed] that [she] also did not meet her burden of proof to establish eligibility for withholding of removal." In the absence of credible testimony, we conclude the remaining evidence in the record does not compel the conclusion that the BIA's decision was inadequately supported. *See Shrestha*, 590 F.3d at 1048–49.

3.    To establish eligibility for CAT relief, petitioner must "prove that it is more likely than not that [she] would be tortured if [she] were removed to the proposed country," and that the torture would be effected by or with the acquiescence of a public official. *Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017). Because the BIA's adverse credibility determination is supported by substantial evidence, we may only reverse the BIA's denial of CAT relief if the remaining record evidence compels the conclusion that it is more likely than not petitioner will be tortured if she is returned to El Salvador. *See Shrestha*, 590 F.3d at 1048–49. Here, the remaining evidence is insufficient to meet this standard. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

**PETITION DENIED.**